**THERESE S. HARRIS (SBN 246711)**
THERESE HARRIS LAW OFFICES
935 RIVERSIDE DRIVE, SUITE 7B
PASO ROBLES, CA 93446
Telephone:  805-369-2053
Facsimile:    805-715-7824
tharris@tharrislawoffice.com

Attorney for Plaintiff, PATRICK SIU

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SIU, an individual,<br><br>                    Plaintiff,<br><br>     and<br><br>MACY'S CREDIT AND CUSTOMER SERVICES, INC. AKA MACY'S/DSNB AKA DEPARTMENT STORES NATIONAL BANK/MACY'S and DOES 1 through 10 inclusive,<br>                    Defendants. | CASE NO: 2:15-cv-01223<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>(Unlawful Credit Reporting Practices) |

## INTRODUCTION

1.  This action arises from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq*, (hereinafter "FCRA") which include, but are not limited to, false reporting of Plaintiffs' credit reports, failure to follow reasonable procedures, and failure to conduct reasonable investigations with respect to such information.

2.  Plaintiff seek actual damages, statutory damages, punitive damages, attorney's fees, correcting Plaintiff's credit report and costs.

3.  The term "consumer report" as used in this complaint has the meaning ascribed to it by Section 603(d) of the FCRA, 15 U.S.C. § 1681(d).

4.   The term "consumer reporting agency" as used in this complaint has the meaning ascribed to it by Section 603(f) of the FCRA, 15 U.S.C. § 1681(f).

5.   The term "furnisher" as used in this complaint means any entity which provides information to consumer reporting agencies to be included in consumer reports maintained by consumer reporting agencies.

6.   The term "e-Oscar" as used in this complaint refers to the electronic system utilized by consumer reporting agencies, including but not limited to Equifax, Experian, and TransUnion, to route information to and from furnishers of information included on consumer reports.

7.   The term "Automated Consumer Dispute Verification (ACDV)" as used in this complaint refers to a consumer dispute routed to a furnisher of information included on consumer reports via the e-Oscar system.  ACDVs are sent to furnishers of information by consumer reporting agencies when consumers submit disputes to the consumer reporting agencies.

## VENUE AND JURISDICTION

8.   Jurisdiction of this Court arises under the Fair Credit Reporting Act, pursuant to 15 U.S.C. §1681(p), (hereinafter "FCRA").  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

9.   Venue in the Judicial District is proper under 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the events giving rise to Plaintiff's claims occurred in this Judicial District, and one or more defendants resides and may be found in this Judicial District within the meaning of 28 U.S.C. §1391(c).

## PARTIES

10.   Plaintiff, PATRICK SIU, is a natural person who resides in the City of Fairfield, County of Solano, State of California.  Plaintiff is a "consumer" as defined by FCRA, 15 U.S.C. § 1692a(c).

11.   Upon information and belief, and all relevant times herein, Defendant

1  Macy's Credit and Customer Services, Inc. aka Macy's/DSNB aka Department stores
2  national bank/Macy's (hereafter "Macy's") is a foreign corporation authorized to do
3  and doing business in the State of California and a furnisher of information to the
4  consumer reporting agencies as that term is used by the FCRA, 15 U.S.C. § 1681 et seq.

5  12.  Plaintiff is unaware of the true names and capacities of the Defendants
6  sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by
7  fictitious names.  Plaintiff will seek leave of the Court to amend this Complaint to
8  allege their true names and capacities when ascertained.

9  13.  Plaintiff is informed and believes, and based thereon alleges, that
10 Defendants acted through its agents, employees, officers, members, directors, heirs,
11 successors, assigns, principals, trustees, sureties, subrogees, representatives and
12 insurers.

## FACTUAL ALLEGATIONS

14.  Plaintiff applied for and received a credit card from Macy's.

15.  Plaintiff's last made payment to Macy's on or about 2007, which was the last date of activity by Plaintiff.

16.  Defendant Macy's has now re-aged Plaintiff's debt and is reporting this stale debt as owing.  Defendant Macy's has re-aged the debt to September 2009 even though the date of last payment was April 2007.  As of October 8, 2015, Plaintiff's credit report from Experian is still erroneous.  This debt has been re-aged and is being reported as "Charge Off".  Plaintiff has taken no action which would cause for the debt to be new and has not recently paid on this account.

17.  Plaintiff has contacted Defendants via dispute letter in order that they correct the erroneous marks from Plaintiff's credit report to no avail.

18.  To date, the negative information reported by Defendants remain on Plaintiff's Experian report as the aforementioned erroneous remark.

19.  Despite Defendants' representations on the credit report that the credit

1  report is accurate and comports with the FCRA, Defendant continues to report this
2  repossession as charge off.

3      20.    Despite Plaintiff's exhaustive efforts to date to remove this balance,
4  Defendant has nonetheless repeatedly, deliberately, willfully, intentionally, recklessly,
5  and negligently failed to perform reasonable investigations of the above disputes as
6  required by the FCRA, have failed to remove inaccurate information, have failed to
7  include accurate information, have failed to report on the results of the reinvestigations
8  to all credit reporting agencies, and has continues to report the derogatory information
9  about Plaintiff.

10      21.    Plaintiff has applied for and been denied loans.  Plaintiff is informed and
11  believes and thereupon alleges that the basis for these denials was the inaccurate and
12  erroneous information that appears on Plaintiff's credit report.

13      22.    As a result of Defendants' conduct, Plaintiff has suffered actual damages
14  and serious financial and pecuniary harm arising from monetary losses related to
15  credit denials, loss of use of funds, loss of credit and loan opportunities, excessive
16  and/or elevated interest rate and finance charges, out-of-pocket expenses including,
17  but not limited to, local or long distance telephone charges, postage, faxing and other
18  related costs, all of which will continue into the future to Plaintiff's great detriment and
19  loss.

20      23.    As a result of Defendants' conduct, Plaintiff has suffered great physical,
21  emotional and mental pain and anguish, and Plaintiff will continue to suffer the same
22  for an indefinite time in the future, all to Plaintiff's great detriment and loss.

23      24.    As a result of Defendants' conduct, Plaintiff has suffered actual damages
24  in the form of financial and dignitary harm arising from the injury to credit rating and
25  reputation, and Plaintiff will continue to suffer the same for an indefinite time in the
26  future, all to Plaintiff's great detriment and loss.

27      25.    As a result of Defendants' conduct, Plaintiff has suffered a decreased
28  credit score as a result of the negative entry appearing on Plaintiff's credit file.  Plaintiff

has also been unable to get consumer loans due to Plaintiff's credit score being affected.

## Violations of the Fair Credit Reporting Act

26. The United States Congress specifically observed in Section 602 of the FCRA, 15 U.S.C. § 1681 that "inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued function of the banking system." 15 U.S.C. § 1681.

27. Congress further specified in its findings that "there is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

28. Section 623 of the FCRA, 15 U.S.C. § 1681s-2(b) requires a furnisher of information to a credit reporting agency to both report the results of the investigation and, "if the investigation finds that the information is incomplete or inaccurate, report those results" to the CRA's. 15 U.S.C. § 1681s-2(b)(1)(D).

29. Defendant Macy's inaccurate entry of Plaintiff's credit report within the meaning of Section 623 of the FCRA, 15 U.S.C. § 1681s-2(b) because Macy's false reporting that Plaintiff has a derogatory mark on Plaintiff's credit report, thereby erroneously and negatively affecting Plaintiffs' credit worthiness.

30. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, loss of employment opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

## TRIAL BY JURY

31. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## (FCRA) 15 U.S.C. § 1681 *et seq.*

## (Defendant Macy's)

32. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant Macy's violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiffs disputed the information Macy's had provided to a consumer reporting agency.

34. Defendant Macy's violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C. § 1681i.

35. Defendant Macy's violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by Macy's to the consumer reporting agencies.

36. Defendant Macy's violated 15 U.S.C. §1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under 15 U.S.C. §1681s-2(b)(1) within 30 days.

37. Defendant Macy's violated 15 U.S.C. §1681s-2(b)(1)(c) by reporting inaccurate, incomplete, false and misleading results of the investigation, if any, to consumer reporting agencies.

38. Defendant Macy's violated 15 U.S.C. §1681s-2(b)(1)(d) by failing to notify all consumer reporting agencies that the derogatory remark on Plaintiff's credit report was inaccurate, false, and misleading.

1   39.     Defendant Macy's violated 15 U.S.C. §1681s-2(b) when they willfully and
2 negligently failed to comply with the requirements imposes on furnishers of
3 information.
4   40.     The conduct of Defendant was a direct and proximate cause, as well as a
5 substantial factor, in bringing about the serious injuries, actual damages and harm to
6 the Plaintiff that are outlined more fully above, and, as a result, Defendant is liable to
7 the Plaintiff for the full statutory, actual and punitive damages, along with the
8 attorney's fees and the costs of litigation, as well as such other further relief, as may be
9 permitted by law.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

1. For an order that, by the acts complained herein, Defendants have violated 15 U.S.C. §1681 *et seq.*;
2. For an order awarding Plaintiff actual damages;
3. For an order awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1681n;
4. For an order awarding Plaintiff punitive damages;
5. For an order awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1684n and §1681o;
6. For an order requiring Defendants to correct Plaintiff's credit report;
7. For such other and further relief as the Court may deem just and proper.
8.

DATED: November 24, 2015                RESPECTFULLY SUBMITTED


/s/ Therese S. Harris_____
THERESE S. HARRIS
Attorney for the Plaintiff PATRICK SIU